UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LARRY HERNANDEZ,

                Plaintiff,

       -against-

THE STATE OF NEW YORK, THE DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK, GREEN HAVEN CORRECTIONAL FACILITY, BRIAN FISCHER AS SUPERINTENDENT OF THE DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK, CHRISTOPHER ARTUZ AS SUPERINTENDENT OF GREEN HAVEN CORRECTIONAL FACILITY, DR. "JOHN DOE", MD, AS CHIEF MEDICAL OFFICER OF THE GREEN HAVEN CORRECTIONAL FACILITY, PSU NURSE "JANE" CAMPELL, CORRECTIONAL OFFICER SGT. "JOHN" DELUCA, and CORRECTIONAL OFFICERS "JOHN DOE" NUMBER 1 THROUGH 10,

                Defendants.
------------------------------------------------------------------X

PLAINTIFF DEMANDS
TRIAL BY JURY

**AMENDED**
**VERIFIED**
**COMPLAINT**

Index No.: **07-CIV-3967**

Assigned Judge:
**HON. GEORGE B. DANIELS**

      Plaintiff, complaining of the defendants by his attorneys, KUHARSKI, LEVITZ & GIOVINAZZO, ESQS., respectfully shows to this Court and alleges upon information and belief as follows:

      1.    That at all times herein mentioned, the plaintiff LARRY HERNANDEZ (hereinafter, "Hernandez" and/or "Mr. Hernandez") is a citizen of the United States of America and of the State of New York and resides in the County of Bronx, City and State of New York, which is within the confines of the United States District Court for the Southern District of the State of New York.

2. That the cause of action set forth herein is being brought pursuant to and arises under 42 U.S.C. §1983.

3. That the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4. That prior to filing the within lawsuit plaintiff LARRY HERNANDEZ completed a grievance process which exhausted his administrative remedies as required by the Prison Litigation Reform Act of 1995 (42 U.S.C. §1997e).

5. That at all times herein mentioned, defendant the STATE OF NEW YORK is a sovereign state of the United States of America, organized under its State Constitution and laws.

6. That at all times herein mentioned defendant THE DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK is an agent of the defendant THE STATE OF NEW YORK and is charged with operating, managing, controlling and supervising correctional facilities owned by defendant THE STATE OF NEW YORK.

7. That at all times herein mentioned defendant GREEN HAVEN CORRECTIONAL FACILITY is a prison owned, operated, managed, controlled and supervised by defendant THE STATE OF NEW YORK and defendant THE DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK.

8. That at all times herein mentioned defendant BRIAN FISCHER is the Superintendent of defendant THE DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK, is an employee of defendant THE STATE OF NEW YORK, and is acting under color of state law.

9. That at all times herein mentioned, defendant CHRISTOPHER ARTUZ is the Superintendent of defendant GREEN HAVEN CORRECTIONAL FACILITY, is an employee of defendant THE STATE OF NEW YORK, and is acting under color of state law.

10. That at all times herein mentioned, defendant DR. "JOHN DOE", MD (hereinafter, "Dr. Doe") is the Chief Medical Officer at defendant GREEN HAVEN CORRECTIONAL FACILITY, is an employee of defendant THE STATE OF NEW YORK, and is acting under color of state law.

11. That at all times herein mentioned, defendant PSU NURSE "JANE" CAMPELL (hereinafter, "Nurse Campell") is a nurse at defendant GREEN HAVEN CORRECTIONAL FACILITY, is an employee of defendant THE STATE OF NEW YORK, and is acting under color of state law.

12. That at all times herein mentioned, defendant CORRECTIONAL OFFICER SGT. DELUCA (hereinafter, "Sgt. Deluca") is a correctional officer of rank at defendant GREEN HAVEN CORRECTIONAL FACILITY, is an employee of defendant THE STATE OF NEW YORK, and is acting under color of state law.

13. That at all times herein mentioned, defendant CORRECTIONAL OFFICERS NUMBERS 1 THROUGH 10 are correctional officers at defendant GREEN HAVEN CORRECTIONAL FACILITY, are employees of defendant THE STATE OF NEW YORK, and are acting under color of state law.

14. That at all times herein mentioned plaintiff LARRY HERNANDEZ was an inmate incarcerated at defendant GREEN HAVEN CORRECTIONAL FACILITY (hereinafter, "Greenhaven").

15. Defendants had actual and/or constructive notice that plaintiff LARRY HERNANDEZ was suffering from the disability of bipolar disorder and was currently under treatment for same while incarcerated at GREEN HAVEN.

16. That at all times herein mentioned and on May 22, 2004, plaintiff HERNANDEZ was under the care of defendant DR. "JOHN DOE", MD, and defendant PSU NURSE "JANE" CAMPELL, in GREEN HAVEN's Office of Mental Health, Psychiatric Unit #2, located inside the defendant GREEN HAVEN, for among other things, bipolar disorder.

17. That at all times herein mentioned and on May 22, 2004, defendants DR. "DOE" and NURSE CAMPELL failed to properly administer prescribed medications for LARRY HERNANDEZ.

18. That at all times herein mentioned and on May 22, 2004, as a result of the defendants DR. "DOE"'s and NURSE CAMPELL's failure to properly administer prescribed medications for plaintiff HERNANDEZ, plaintiff, suffering from bipolar disorder, became agitated due to said failure to properly administer his prescribed medications.

19. That at all times herein mentioned and on May 22, 2004, as a result of the defendants DR. "DOE"'s and NURSE CAMPELL's failure to properly administer prescribed medications for plaintiff HERNANDEZ, defendant SGT. DELUCA and defendants CORRECTIONAL OFFICERS 1 THROUGH 10 were called to subdue plaintiff LARRY HERNANDEZ.

20. That at all times herein mentioned and on May 22, 2004, defendant CORRECTIONAL OFFICERS "JOHN DOE" NUMBERS 1 THROUGH 10, at the direction, instruction and supervision of defendant SERGEANT "JOHN" DELUCA, endeavored to subdue

MR. HERNANDEZ through the use of excessive force so as to cause wanton and unnecessary infliction of pain upon MR. HERNANDEZ.

21.  That at all times herein mentioned and on May 22, 2004, defendant CORRECTIONAL OFFICERS "JOHN DOE" NUMBERS 1 THROUGH 10, at the direction, instruction and supervision of defendant SERGEANT "JOHN" DELUCA, severely injured MR. HERNANDEZ about his head, body and limbs, causing plaintiff to suffer various physical and psychological injuries, including but not limited to, a fracture of the shaft of the distal right humerus requiring open reduction and internal fixation surgery.

22.  That at all times herein mentioned and on May 22, 2004, and thereafter, plaintiff HERNANDEZ was subjected to unsanitary living conditions which caused infections of the original injuries, requiring multiple surgeries and other hospital treatment.

23.  That at all times herein mentioned and on May 22, 2004, and thereafter, defendants DR. "DOE" and NURSE CAMPELL failed to properly treat plaintiff LARRY HERNANDEZ, which caused infections of the original injuries, requiring multiple surgeries and other hospital treatment.

24.  That at all times herein mentioned, the aforesaid failure to properly administer prescribed medications, the failure to provide sanitary living conditions, and the aforesaid failure to properly treat the plaintiff were deliberately indifferent to plaintiff's serious medical needs in that said failures were intentional and/or were reckless and with callous indifference to the plaintiff's welfare despite defendants' knowledge of plaintiff's medical condition.

25.  That at all times herein mentioned, the foregoing failures to provide proper living conditions and medical treatment, the decision to subdue the plaintiff, and the methods and manner of subduing the plaintiff, were the result of a policy and/or custom and practice caused and created

by the defendants, and/or the recklessness and gross negligence of the defendants in their supervisory capacities, and more particularly, by defendants THE STATE OF NEW YORK, THE DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK, GREEN HAVEN CORRECTIONAL FACILITY, BRIAN FISCHER AS SUPERINTENDENT OF THE DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK, and CHRISTOPHER ARTUZ AS SUPERINTENDENT OF GREEN HAVEN CORRECTIONAL FACILITY.

26. That at all times herein mentioned and in future, by reason of the aforesaid, plaintiff LARRY HERNANDEZ has been rendered sick, sore and disabled; is seriously and permanently injured; has suffered mental and nervous shock; all accompanied by severe pain and suffering; has had and will require medical treatment and medicines; was and will be unable to attend to his usual duties and activities.

27. That by reason of the foregoing, plaintiff LARRY HERNANDEZ has been damaged in the sum of TEN MILLION DOLLARS ($10,000,000.00).

### AS AND FOR A FIRST CAUSE OF ACTION

(Violation of Civil Rights Under 42 U.S.C. 1981, 42 U.S.C. 1983, and 1st, 4th, 5th, 8th & 14th Amendments of the United States Constitution)

28. Plaintiff hereby repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

29. Defendants, having caused the violation of the plaintiff's rights within the scope of their employment and under color of law, are liable to plaintiff for his personal injuries under 42

U.S.C. Sections 1981 and 1983 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

30. That those defendants who did not advertently and directly violate plaintiff's civil rights, nevertheless acted in concert with their fellow defendants by intentionally, willfully, and recklessly failing to intervene and restrain fellow defendants, or by acting with deliberate indifference to their duty to do so, thereby perpetuating the plaintiff's personal injuries and the violation of the plaintiff's rights under 42 U.S.C. Sections 1981 and 1983 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

31. That those defendants who did not advertently and directly violate plaintiff's civil rights, nevertheless are liable under the principle of *respondeat superior.*

32. That the plaintiff's injuries were without any fault on the part of the plaintiff contributing thereto.

33. That as a result, the plaintiff has been damaged in the amount of TEN MILLION DOLLARS ($10,000,000.00).

### AS AND FOR A SECOND CAUSE OF ACTION

(Violation of Title II of Americans with Disabilities Act of 1990
Under 42 U.S.C. §§12131 et seq.)

34. Plaintiff hereby repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth at length herein.

35. Defendants, having caused the violation of the plaintiff's rights within the scope of their employment and under color of law, are liable to plaintiff for his personal injuries under 42 U.S.C. Sections 12131 et seq.

36. That those defendants who did not advertently and directly violate plaintiff's rights, nevertheless acted in concert with their fellow defendants by intentionally, willfully, and recklessly failing to intervene and restrain fellow defendants, or by acting with deliberate indifference to their duty to do so, thereby perpetuating the plaintiff's personal injuries and the violation of the plaintiff's rights under 42 U.S.C. Sections 12131 et seq.

37. That those defendants who did not advertently and directly violate plaintiff's rights under 42 U.S.C. Sections 12131 et seq., nevertheless are liable under the principle of *respondeat superior*.

38. That the plaintiff's injuries were without any fault on the part of the plaintiff contributing thereto.

39. That as a result, the plaintiff has been damaged in the amount of TEN MILLION DOLLARS ($10,000,000.00).

WHEREFORE, plaintiff demands judgment against the defendants herein on the First Cause of Action in the amount of TEN MILLION DOLLARS ($10,000,000.00); on the Second Cause of Action in the amount of TEN MILLION DOLLARS ($10,000,000.00); together with interest, and the costs and disbursements of this action.

Dated: New York, New York
       May 22, 2007          KUHARSKI, LEVITZ & GIOVINAZZO, ESQS.

                             _____
                             CHRISTOPHER L. STANLEY, ESQ., (CS2012)
                             KUHARSKI, LEVITZ & GIOVINAZZO, ESQS.
                             Attorneys for Plaintiff
                             7 Dey Street, 14th Floor
                             New York, N.Y., 10007
                             Telephone (212) 228-1331

**<u>VERIFICATION</u>**

CHRISTOPHER L. STANLEY, affirms under penalty of perjury:

That affirmant is the attorney for the plaintiff(s) in the action within; that affirmant has read the foregoing document and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true; the reason that this verification is not made by plaintiff(s) and is made by affirmant is that plaintiff(s) is/are not presently in the county where the attorneys for the plaintiff(s) have their office.

Affirmant further says that the source of affirmant's information and the grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are from investigations of the facts herein made on behalf of said plaintiff(s).

Dated: New York, New York
May 22, 2007



CHRISTOPHER L. STANLEY, ESQ., (CS2012)

Index No. 07-CIV-3967

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LARRY HERNANDEZ,

                Plaintiff(s),

  -against -

THE STATE OF NEW YORK, THE DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK, GREEN HAVEN CORRECTIONAL FACILITY, BRIAN FISCHER AS SUPERINTENDENT OF THE DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK, CHRISTOPHER ARTUZ AS SUPERINTENDENT OF GREEN HAVEN CORRECTIONAL FACILITY, DR. "JOHN DOE", MD, AS CHIEF MEDICAL OFFICER OF THE GREEN HAVEN CORRECTIONAL FACILITY, PSU NURSE "JANE" CAMPELL, CORRECTIONAL OFFICER SGT. "JOHN" DELUCA, and CORRECTIONAL OFFICERS "JOHN DOE" NUMBER 1 THROUGH 10,

                Defendant(s).

---

### AMENDED COMPLAINT

---

KUHARSKI, LEVITZ & GIOVINAZZO, ESQS.
Attorneys for Plaintiff(s)
7 Dey Street
14th floor
New York, New York 10007
212-228-1331

---

TO:     CLERK
           UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF NEW YORK