UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LARRY HERNANDEZ,

                Plaintiff,               **ANSWER OF STATE OF NEW YORK, DEPARTMENT OF CORRECTIONAL SERVICES AND BRIAN FISCHER**

         - against -                                     07 Civ. 3967 (GBD)

THE STATE OF NEW YORK, Et Al.,

                Defendants.
------------------------------------------------------------------x

      Defendants, the State of New York, the Department of Correctional Services and Brian Fischer, by their attorney, ANDREW M. CUOMO, Attorney General of the State of New York, answer the Amended Verified Complaint as follows:[1]

      1.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, except neither admit nor deny the allegations purporting to set forth the law on the ground that no response is required to such legal conclusions.

      2.      Defendants neither admit nor deny the allegations in paragraphs 2 and 3 purporting to set forth the law on the ground that no response is required to such legal conclusions.

      3.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, except neither admit nor deny the allegations purporting to set forth the law on the ground that no response is required to such legal conclusions.

      4.      Defendants admit that the State of New York is a sovereign state of the United States

---

[1] We have not received requests for representation from the other individual defendants, but we intend on representing all defendants that eventually request representation. Further, Green Haven Correctional facility is not an entity that can be sued.

that has its own constitution and laws, and otherwise deny the allegations contained in paragraph 5.

5. Defendants admit that the Department of Correctional Services is an agency in the State of New York that operates the state correctional facilities, and otherwise deny the allegations contained in paragraph 6.

6. Defendants admit that Green Haven Correctional facility is a correctional facility operated by the Department of Correctional Services, and otherwise deny the allegations contained in paragraph 7.

7. Defendants neither admit nor deny the allegations contained in paragraph 8 because the phrase "at all times herein mentioned" is undefined and ambiguous, but deny that Brian Fischer was Superintendent of DOCS on May 22, 2004.

8. Defendants neither admit nor deny the allegations contained in paragraph 9 because the phrase "at all times herein mentioned" is undefined and ambiguous, but deny that Christopher Artuz was Superintendent of Green Haven Correctional facility on May 22, 2004.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10 and 11.

10. Defendants neither admit nor deny the allegations contained in paragraph 12 because the phrase "at all times herein mentioned" is undefined and ambiguous, but admit that upon information and belief Nicholas Deluca was employed at Green Haven Correctional facility on May 22, 2004.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

12. Defendants neither admit nor deny the allegations contained in paragraph 14 because the phrase "at all times herein mentioned" is undefined and ambiguous, but admit that plaintiff was

incarcerated at Green Haven Correctional facility on May 22, 2004.

13. Defendants deny the allegations contained in paragraph 15.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 16, 17, and 18.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 19, 20 and 21, except admit upon information and belief that Nicholas Deluca was the Sergeant on the scene of the incident on May 22, 2004, and deny that excessive force was used.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 22 and 23.

17. Defendants deny the allegations contained in paragraphs 24 and 25.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

19. Defendants deny the allegations contained in paragraph 27.

### First Cause of Action

20. With respect to paragraph 28, respectfully refer to the defendants' prior responses.

21. Defendants deny the allegations contained in paragraphs 29-33.

### Second Cause of Action

22. With respect to paragraph 34, respectfully refer to the defendants' prior responses.

23. Defendants deny the allegations contained in paragraphs 35-39.

## DEFENSES

### FIRST DEFENSE

24. The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

25. Defendants acted under the objectively reasonable belief that their acts were proper and in accord with clearly established law, and therefore, they are entitled to qualified immunity.

### THIRD DEFENSE

26. The alleged injuries sustained by plaintiff in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct these defendants are not responsible.

27. Defendants have no personal involvement in this matter since they do not and did not have the authority to give the plaintiff the relief he sought in the complaint.

28. Plaintiff cannot recover damages against individual supervisory defendants based upon the legal theory of respondeat superior.

29. Plaintiff has failed to state a claim against defendants by failing to allege with specificity each Defendant's personal involvement in the alleged acts.

30. Defendants, in whole or in part, had no personal involvement in the events which are alleged to have caused plaintiff's injuries.

### FOURTH DEFENSE

31. Plaintiff's claims are barred by operation of the Eleventh Amendment of the United States Constitution.

## FIFTH DEFENSE

32. The plaintiff's claims are barred, in whole or in part, by plaintiff's failures to satisfy jurisdictional or administrative prerequisites and/or failure to exhaust administrative remedies.

## SIXTH DEFENSE

33. Any damage allegedly suffered in this matter by the plaintiff is solely and exclusively the product of plaintiff's own negligence.

## SEVENTH DEFENSE

34. The alleged conduct was properly within the discretionary authority committed to defendants to perform their official functions, and the relief prayed for would constitute an improper intrusion into said discretional authority.

35. Principles of comity bar plaintiff's claims against the defendants.

## EIGHTH DEFENSE

36. This Court lacks jurisdiction over the subject matter of the causes of action set forth in the Complaint because the federal claims do not rise to a constitutional level and this Court cannot exercise jurisdiction over the state law claims.

## NINTH DEFENSE

37. Plaintiff has failed to exhaust available administrative remedies, and therefore this action is barred by 42 U.S.C. § 1997e(a).

## TENTH DEFENSE

38. Plaintiff cannot demonstrate physical injuries which would entitle him to monetary damages pursuant to 42 U.S.C. § 1997e(e).

## ELEVENTH DEFENSE

39. Plaintiffs' claims may be barred, in whole or in part, by the relevant statute of

limitations and/or the doctrine of res judicata or collateral estoppel, or alternatively the court should refrain from exercising jurisdiction pursuant to the abstention doctrines set forth in the case law of the United States Supreme Court.

### TWELFTH DEFENSE

40. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRTEENTH DEFENSE

41. Plaintiff's claims are barred, in whole or in part, because they are moot.

### FOURTEENTH DEFENSE

42. Plaintiff is not entitled to relief pursuant to 18 U.S.C. § 3626.

### FIFTEENTH DEFENSE

43. Plaintiff's claims under the ADA are barred because he cannot show animus.

### SIXTEENTH DEFENSE

44. Individuals are not "employers" within the meaning of the ADA and thus the individual defendants may not be sued pursuant to the ADA.

### SEVENTEENTH DEFENSE

45. Plaintiff's claims under the ADA are barred in this context because they are redundant of the allegations raised under specific constitutional amendments.

**WHEREFORE**, plaintiff's complaint should be dismissed with prejudice and defendants should be awarded their costs and reasonable attorney fees for responding to plaintiff's unwarranted action, and for such other and further relief as this Court deems appropriate.

Dated: New York, New York
       September 10, 2007

                                              Respectfully submitted,

                                              ANDREW M. CUOMO
                                              Attorney General of the
                                                State of New York
                                              <u>Attorney for Defendants</u>
                                              By:

                                              _____
                                              JOHN E. KNUDSEN (JK-2940)
                                              Assistant Attorney General
                                              120 Broadway
                                              New York, New York 10271
                                              (212) 416-8625

JOHN E. KNUDSEN
Assistant Attorney General
  <u>of Counsel</u>

## **DECLARATION OF SERVICE**

JOHN E. KNUDSEN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

That on September 10, 2007, I caused one copy of the Answer of Defendants State of New York, Department of Correctional Services and Brian Fischer to be served on:

Christopher Stanley, Esq.
Kuharski, Levitz & Giovinazzo, Esqs.
7 Dey Street, 14th Floor
New York, New York 10007

by depositing these documents in a sealed, properly addressed envelope, with postage prepaid, in an official depository of the United States Postal Service within the State of New York.

_____
JOHN E. KNUDSEN
Assistant Attorney General

Executed on September 10, 2007