UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LARRY HERNANDEZ,

                        Plaintiff,                  **ANSWER OF**
                                                    **CHRISTOPHER ARTUZ**

        - against -                           07 Civ. 3967 (GBD)

THE STATE OF NEW YORK, Et Al.,

                        Defendants.
------------------------------------------------------------------x

       Defendant Christopher Artuz, by his attorney, ANDREW M. CUOMO, Attorney General of the State of New York, answers the Amended Verified Complaint as follows:

       1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, except neither admits nor denies the allegations purporting to set forth the law on the ground that no response is required to such legal conclusions.

       2.     Defendant neither admits nor denies the allegations in paragraphs 2 and 3 purporting to set forth the law on the ground that no response is required to such legal conclusions.

       3.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, except neither admits nor denies the allegations purporting to set forth the law on the ground that no response is required to such legal conclusions.

       4.     Defendant admits that the State of New York is a sovereign state of the United States that has its own constitution and laws, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

       5.     Defendant admits that the Department of Correctional Services is an agency in the State of New York that operates the state correctional facilities, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

6. Defendant admits that Green Haven Correctional facility is a correctional facility operated by the Department of Correctional Services, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

8. Defendant denies the allegations in paragraph 9 that he was Superintendent of Green Haven Correctional facility during a period relevant to this matter.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10 and 11.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

13. Defendant denies the allegations contained in paragraph 15.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 16, 17, and 18.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 19, 20 and 21.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 22 and 23.

17. Defendant denies the allegations contained in paragraphs 24 and 25.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

19. Defendant denies the allegations contained in paragraph 27.

### First Cause of Action

20. With respect to paragraph 28, respectfully refer to the defendant's prior responses.

21. Defendant denies the allegations contained in paragraphs 29-33.

### Second Cause of Action

22. With respect to paragraph 34, respectfully refer to the defendant's prior responses.

23. Defendant denies the allegations contained in paragraphs 35-39.

### **DEFENSES**

### FIRST DEFENSE

24. The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

25. Defendant acted under the objectively reasonable belief that his acts were proper and in accord with clearly established law, and therefore, he is entitled to qualified immunity.

### THIRD DEFENSE

26. The alleged injuries sustained by plaintiff in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct the defendant is not responsible.

27. Defendant has no personal involvement in this matter since he did not have the authority to give the plaintiff the relief he sought in the complaint.

28. Plaintiff cannot recover damages against an individual supervisory defendant based upon the legal theory of <u>respondeat superior</u>.

29. Plaintiff has failed to state a claim against the defendant by failing to allege with specificity the defendant's personal involvement in the alleged acts.

30. Defendant, in whole or in part, had no personal involvement in the events which are alleged to have caused plaintiff's injuries.

## FOURTH DEFENSE

31. Plaintiff's claims are barred by operation of the Eleventh Amendment of the United States Constitution.

## FIFTH DEFENSE

32. The plaintiff's claims are barred, in whole or in part, by plaintiff's failures to satisfy jurisdictional or administrative prerequisites and/or failure to exhaust administrative remedies.

## SIXTH DEFENSE

33. Any damage allegedly suffered in this matter by the plaintiff is solely and exclusively the product of plaintiff's own negligence.

## SEVENTH DEFENSE

34. The alleged conduct was properly within the discretionary authority committed to defendant to perform his official functions, and the relief prayed for would constitute an improper intrusion into said discretional authority.

35. Principles of comity bar plaintiff's claims against the Defendant.

## EIGHTH DEFENSE

36. This Court lacks jurisdiction over the subject matter of the causes of action set forth

in the Complaint because the federal claims do not rise to a constitutional level and this Court cannot exercise jurisdiction over the state law claims.

### NINTH DEFENSE

37. Plaintiff has failed to exhaust available administrative remedies, and therefore this action is barred by 42 U.S.C. § 1997e(a).

### TENTH DEFENSE

38. Plaintiff cannot demonstrate physical injuries which would entitle him to monetary damages pursuant to 42 U.S.C. § 1997e(e).

### ELEVENTH DEFENSE

39. Plaintiffs' claims may be barred, in whole or in part, by the relevant statute of limitations and/or the doctrine of res judicata or collateral estoppel, or alternatively the court should refrain from exercising jurisdiction pursuant to the abstention doctrines set forth in the case law of the United States Supreme Court.

### TWELFTH DEFENSE

40. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRTEENTH DEFENSE

41. Plaintiff's claims are barred, in whole or in part, because they are moot.

### FOURTEENTH DEFENSE

42. Plaintiff is not entitled to relief pursuant to 18 U.S.C. § 3626.

### FIFTEENTH DEFENSE

43. Plaintiff's claims under the ADA are barred because he cannot show animus.

### SIXTEENTH DEFENSE

44. Individuals are not "employers" within the meaning of the ADA and thus the

individual defendant may not be sued pursuant to the ADA.

### SEVENTEENTH DEFENSE

45.     Plaintiff's claims under the ADA are barred in this context because they are redundant of the allegations raised under specific constitutional amendments.

**WHEREFORE**, plaintiff's complaint should be dismissed with prejudice and defendant Artuz should be awarded his costs and reasonable attorney fees for responding to plaintiff's unwarranted action, and for such other and further relief as this Court deems appropriate.

Dated: New York, New York
January 3, 2008

                                        Respectfully submitted,

                                        ANDREW M. CUOMO
                                        Attorney General of the
                                          State of New York
                                        <u>Attorney for Defendants</u>
                                        By:

                                        _____
                                        JOHN E. KNUDSEN (JK-2940)
                                        Assistant Attorney General
                                        120 Broadway
                                        New York, New York 10271
                                        (212) 416-8625

JOHN E. KNUDSEN
Assistant Attorney General
  <u>of Counsel</u>

**DECLARATION OF SERVICE**

JOHN E. KNUDSEN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

That on January 3, 2008, I caused one copy of the Answer of Defendant Artuz to be served on:

Christopher Stanley, Esq.
Kuharski, Levitz & Giovinazzo, Esqs.
7 Dey Street, 14th Floor
New York, New York 10007

by depositing these documents in a sealed, properly addressed envelope, with postage prepaid, in an official depository of the United States Postal Service within the State of New York.

_____
JOHN E. KNUDSEN
Assistant Attorney General

Executed on January 3, 2008